UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN S. YOUNG | CIVIL ACTION |
| VERSUS | NO. 13-5691 |
| TERRY TERRELL, WARDEN | SECTION "F"(5) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

## I. Procedural history

Petitioner, Brian Young, is a state prisoner incarcerated in the Allen Correctional Center, in Kinder, Louisiana. On September 5, 2003, he was charged with possession of

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

cocaine in violation of Louisiana Revised Statute 40:967(C). On April 30, 2004, he was convicted after a two-day jury trial of attempted possession of cocaine and sentenced to two and one-half years imprisonment at hard labor.[2] On July 19, 2004, the State filed a multiple offender bill. On April 25, 2005, he was sentenced as a fourth felony offender to twenty-five years imprisonment at hard labor without benefit of probation or suspension of sentence.[3] His motion for reconsideration of sentence was denied on May 18, 2005.

Young was granted an out-of-time appeal in which he raised insufficiency of the evidence as well as trial court error in failing to suppress evidence and failing to grant a mistrial based on other crimes evidence. The Louisiana Fifth Circuit affirmed his conviction, but remanded for re-sentencing based on its error patent review, which revealed that neither the transcript nor commitment showed the trial court had vacated the original sentence before imposing the enhanced sentence.[4]

On July 12, 2006, Young filed a *pro se* motion for dismissal of multiple offender proceedings.[5] The record contains no ruling on this motion. On August 21, 2006, he filed a

---

[2] State Rec., Vol. 3 of 5, Trial transcript of April 30, 2004, p. 96; Sentencing transcript of May 26, 2004, p. 5.

[3] State Rec., Vol. 3 of 5, Sentencing transcript of April 25, 2005, p. 5.

[4] State Rec., Vol. 4 of 5; *State v. Young*, 05-KA-702 (La. App. 5th Cir. 2/14/06), 938 So.2d 90. Additionally, the court of appeal noted patent error in advising Young as to the time for seeking post-conviction relief.

[5] Federal *habeas* courts apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601,

motion to quash the multiple bill of information. In both motions, he argued he could not be re-sentenced on the multiple bill because the terms of his original sentence had already expired. On October 25, 2006, the trial court held a hearing in which it denied the motion to quash, vacated the original two and one-half year sentence, and re-sentenced Young as a multiple offender to twenty-five years imprisonment.[6] An oral motion for appeal was granted.[7]

On November 20, 2006, Young submitted a writ application to the Louisiana Fifth Circuit, stamped as filed on November 28, 2006, in which he sought to "appeal" the trial court's October 25, 2006 ruling.[8] On November 30, 2006, the court of appeal denied the writ application, stating petitioner must first apply for post-conviction relief in the district court before seeking review under the court of appeal's supervisory jurisdiction. On December 10, 2006, Young filed a related writ application in the Louisiana Supreme Court.[9] While this writ application was pending, on July 30, 2007, Young filed another application for post-conviction

---

607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filings, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.

[6] State Rec., Vol. 4 of 5, Sentencing transcript of October 25, 2006. The trial court also properly advised petitioner of the time limits for seeking post-conviction relief.

[7] The transcript reflects Young's expressed desire to appeal and the minute entry of October 25, 2006 reflects that an oral motion for appeal was granted.

[8] State Rec., Vol. 1 of 5, *State ex rel. Young v. State*, 06-KH-895 (La. App. 5th Cir. 11/30/06).

[9] State Rec., Vol. 5 of 5, Writ application signed December 10, 2006 in No. 07-KH-0038.

relief in the state district court. On August 7, 2007, the state district court denied this post-conviction relief application on procedural grounds for failure to follow the statutorily required form and articulate any issue with any particularity as required under Louisiana Code of Criminal Procedure article 926.[10] On October 12, 2007, the Louisiana Supreme Court denied relief on his earlier writ application without stated reasons.[11]

On January 24, 2008, Young submitted another post-conviction relief application to the state district court.[12] On March 5, 2008, the district court construed the application as a request for an out-of-time appeal and granted that motion. To the extent he attempted to seek post-conviction relief, the application was dismissed without prejudice.[13] On June 11, 2008, Young filed another post-conviction application for relief in the state district court. The application was denied on August 20, 2008 for lack of jurisdiction due to the pending direct appeal.[14]

In his second direct appeal, petitioner asserted one assignment of error: the trial court erred by not declaring that the State waited too long before prosecuting him as a multiple

---

[10] State Rec., Vol. 1 of 5, Uniform Application for Post-Conviction Relief stamped as filed July 30, 2007; District Court Order of August 7, 2007.

[11] State Rec., Vol. 5 of 5, *State ex rel. Young v. State*, 07-KH-0038 (La. 10/12/07), 965 So.2d 392.

[12] State Rec., Vol. 4 of 5, Uniform Application for Post-Conviction Relief signed January 24, 2008.

[13] State Rec., Vol. 1 of 5, District Court Order of March 5, 2008.

[14] State Rec., Vol. 2 of 5, Uniform Application for Post-Conviction Relief and District Court Order of August 20, 2008.

offender. On September 16, 2008, the Louisiana Fifth Circuit affirmed his sentence.[15] Young did not request a rehearing.[16] On February 15, 2009, Young filed an untimely application for writ of certiorari in the Louisiana Supreme Court.[17] He argued the trial court erred in denying his motion to quash the multiple bill. During the time this Supreme Court writ application was pending, on August 25, 2009, he filed a supervisory writ application in the Louisiana Fifth Circuit, seeking review of a previous writ ruling under *State v. Cordero*, 993 So.2d 203 (La. 2008).[18] On November 30, 2009, petitioner filed a "Motion to Quash Nunc Pro Tunc" in the state district court. This motion was denied as repetitive on December 16, 2009. On January

---

[15] State Rec., Vol. 5 of 5, *State v. Young*, 08-KA-387 (La. App. 5th Cir. 9/16/08), 996 So.2d 302. The court of appeal remanded for the limited purpose of correcting the commitment to conform to the sentencing transcript, which did not contain any restriction on parole eligibility. Notice of the judgment was mailed the same day. State Rec., Vol. 4.

[16] State Rec., Vol. 4 of 5, Fifth Circuit action sheet in 08-387 stamped: "Rehearing not applied for" and "Writs not applied for."

[17] State Rec., Vol. 5 of 5. The application was signed on February 15, 2009 and accompanied by a letter from Young dated February 16, 2009. The application was postmarked February 17, 2009, stamped as received February 19, 2009, and stamped as filed on March 20, 2009.

[18] In 2007, it came to light that the Louisiana Fifth Circuit Court of Appeal had for many years assigned a single judge to review all *pro se* post-conviction writ applications, despite the state constitutional requirement of a three judge panel. As a result, in *Cordero*, the Louisiana Supreme Court decided that writ applications alleging this deficiency during the relevant period would be remanded to the Louisiana Fifth Circuit for a properly conducted *re*-review. Although a copy of petitioner's writ application is not included in the state court record, the docket number appears on the Fifth Circuit's ruling denying the writ, *Brian Young v. State of Louisiana*, No. 10-KH-684 c/w 09-WR-738 (La. App. 5th Cir. 8/18/11), State Rec., Vol. 5 of 5. The filing and postmarked date of said filing (August 25, 2009) was also confirmed by the Louisiana Fifth Circuit Court of Appeal's clerk's office.

8, 2010, the Louisiana Supreme Court – treating the untimely writ application as a supervisory writ on collateral review – denied relief on procedural grounds.[19]

On May 31, 2010, petitioner submitted another application for supervisory writ of review to the Louisiana Supreme Court seeking reconsideration of a prior *pro se* writ application filed with the Louisiana Fifth Circuit under *State v. Cordero*.[20] By letter this same date, he submitted to the state district court a "Motion to Correct an Illegal Lenient Sentence."[21] On June 21, 2010, the district court denied the motion.[22]

Per the *Cordero* procedures, the Louisiana Supreme Court transferred the pending writ application to the Louisiana Fifth Circuit on August 18, 2010. The matter was lodged by the Louisiana Fifth Circuit under Case No. 09–WR–738 and consolidated with another pending writ application, 10-KH-684. Petitioner had filed the latter writ application on August 8, 2010, seeking relief from the district court ruling of June 21, 2010 denying his "Motion to Correct an Illegal Lenient Sentence." On August 18, 2011, the Louisiana Fifth Circuit granted reconsideration but denied relief as to both writ applications.

---

[19] State Rec., Vol. 5 of 5, *State ex rel. Young v. State*, 2009-KH-0631 (La. 1/8/10), 24 So.3d 863. The Louisiana Supreme Court denied relief, citing Louisiana Code of Criminal Procedure article 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.

[20] State Rec., Vol. 5 of 5, writ application entitled *State ex rel. Young v. State*, 10-KH-1330 signed on May 31, 2010.

[21] State Rec., Vol. 2 of 5, Motion to Correct an Illegal Lenient Sentence Pursuant to Code of Crim. Proc. Art. 882" stamped as filed on June 14, 2010.

[22] *Id.*, District Court Order of June 21, 2010.

From this ruling, petitioner submitted another supervisory writ application in the Louisiana Supreme Court on September 6, 2011.[23] On May 4, 2012, the Louisiana Supreme Court denied the writ without stated reasons.[24]

On October 18, 2012, petitioner filed a "Petition for Writ of *Habeas Corpus*" in the state district court.[25] On January 8, 2013, the district court construed the writ as an application for post-conviction relief and denied relief on grounds that the application was untimely and successive.[26] On February 7, 2013, petitioner filed an application for supervisory writ in the Louisiana Fifth Circuit.[27] On February 27, 2013, the court of appeal noted that the writ application was untimely and denied relief on grounds that it was repetitive and not cognizable on collateral review under *Melinie v. State*.[28] On March 18, 2013, petitioner submitted a related writ application to the Louisiana Supreme Court. On July 31, 2013, the Louisiana Supreme Court denied the application as untimely and repetitive, citing Louisiana

---

[23] State Rec., Vol. 5 of 5, Louisiana Supreme Court writ application number 2011-KH-1959 signed September 6, 2011.

[24] State Rec., Vol. 5 of 5, *State ex rel. Young v. State*, 11-KH-1959 (La. 5/4/12), 88 So.3d 456.

[25] State Rec., Vol. 5 of 5, attached as Exhibits A and B to Louisiana Supreme Court writ application No. 13-KH-628.

[26] *Id.*, Exhibit C.

[27] *Id.*, Exhibit D.

[28] *Id.*, Exhibit E, *State ex rel. Young v. State*, 13-KH-116 (La. App. 5th Cir. 2/27/13).

Code of Criminal Procedure articles 930.8 and 930.4 (D).[29]

On August 21, 2013, Young filed his federal application for *habeas corpus* relief.[30] In his petition, Young claims that his enhanced sentence was not lawfully imposed in a timely manner, thus violating federal and state constitutional prohibitions against double jeopardy and slavery and depriving him of due process.

The State argues the federal application is untimely.[31] Alternatively, the State contends the claim is procedurally barred. Young concedes his application is untimely, but seeks "an exception to the untimeliness" based on the alleged illegality of his enhanced sentence.[32] For the following reasons, the Court finds the petition is untimely and alternatively, that his sole claim for relief is procedurally defaulted.

## II.     Statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on

---

[29] State Rec., Vol. 5 of 5, *State ex rel. Young v. State*, 13-KH-0628 (La. 7/31/13), 119 So.3d 600.

[30] Rec. Doc. No. 3, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on August 21, 2013, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[31] Rec. Doc. No. 12, pp. 4-11.

[32] Petition at Rec. Doc. 3, p. 13.

which his underlying criminal judgment becomes "final."[33] The United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

In the instant case, after addressing the merits of Young's claim that he could not be sentenced as an habitual offender because he had served his original two-and-a-half year sentence, the Louisiana Fifth Circuit affirmed petitioner's conviction and sentence on September 16, 2008. Under Louisiana law, he then had thirty days to file a writ application

---

[33] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those provisions are not applicable in the instant case.

9

with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such application within that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period commenced, on October 16, 2008. *See Butler*, 533 F.3d at 317-18. The federal limitations period expired one year later on October 16, 2009, unless that federal deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

During petitioner's one-year limitations period, he filed his writ application with the Louisiana Supreme Court in case number 09-KH-0631. However, that application, in which he sought review of the court of appeal's decision on direct review, was clearly untimely filed and therefore did not toll the federal limitations period for the following reasons.

Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d at 607. While that date cannot be gleaned with certainty from the state court record with respect to the Louisiana Supreme Court writ application, that application was signed by petitioner on February 15, 2009, about four months after the thirty-day state filing deadline expired.

Accordingly, because the application was obviously given to prison officials for mailing on or after that date of signing, that application was untimely even under the "mailbox rule." *See*, *e.g.*, *Jones v. Sumlin*, Civ. Action No. 11–1520, 2011 WL 5509074, at *2 & n. 19 (E.D.La. Oct. 19, 2011), *adopted*, 2011 WL 5508982 (E.D.La. Nov. 9, 2011); *Titzer v. Cain*, No. 07–4117, 2010 WL 4008351, at *4 n. 23 (E.D.La. Aug. 10, 2010), *adopted*, 2010 WL 4000595 (E.D.La. Oct. 12, 2010); *Marshall v. Warden, Avoyelles Correctional Center*, Civ. Action No. 09–7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), *adopted*, 2010 WL 2978218 (E.D.La. July 20, 2010).[34]

The United States Fifth Circuit Court of Appeals has expressly held that a petitioner is not entitled to any tolling credit under § 2244(d)(2) for an untimely direct-review filing. As the Fifth Circuit explained, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." *Butler*, 533 F.3d at 318 (emphasis added). Because petitioner's untimely writ application was filed as part of the *direct review proceedings*, § 2244(d)(2) is simply inapplicable. *Allen v. Tanner*, Civ. Action Nos. 11–927 and 11–1601, 2011 WL 4344586, at *2 (E.D.La. Aug. 19, 2011), *adopted*, 2011 WL 4345081 (E.D.La. Sept. 15, 2011). Petitioner is not entitled to statutory tolling under § 2244(d)(2) for the untimely Louisiana Supreme Court writ application.

The State has not addressed the effect, if any, of the writ application for *Cordero* review

---

[34] The Louisiana Supreme Court clearly identified and treated the writ as untimely filed as evidenced by the notation "unt KO" marked on the bottom of the application, the alteration of the caption to read "*State ex rel. v. State*," and its denial of relief on procedural grounds (*i.e.*, La. C.Cr.P. art. 930.3 and *Melinie*) applicable only to post-conviction relief applications.

submitted to the Louisiana Fifth Circuit on August 25, 2009.[35] This writ application remained pending until the court of appeal denied relief on August 18, 2011. However, even if the Court allowed for tolling based on the pendency of this writ application, Young's federal petition is still untimely. As of the time he filed the writ application in the Louisiana Fifth Circuit, 313 of the 365 days elapsed and petitioner had only fifty-two (52) days remaining in the federal limitations period. Even assuming the writ application effectively tolled prescription until both the Fifth Circuit and the Louisiana Supreme Court denied relief on May 4, 2012,[36] petitioner did not file any other state court applications until October 18, 2012, when he submitted a *habeas corpus* petition in the state district court.[37] However, by that time, 167 more days

---

[35] As previously noted, this writ application is not contained in the state court record. However, the Louisiana Fifth Circuit Court of Appeal's clerk's office confirmed that a writ application submitted by Young and designated as 09-WR-738, was postmarked August 25, 2009 and stamped as filed in the Louisiana Fifth Circuit on September 3, 2009.

[36] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Ott v. Johnson*, 192 F.3d 510, 512-13 (5th Cir. 1999).

[37] The Court notes that petitioner's "petition for habeas corpus" was not *properly filed* in any event. The district court ruling clearly stated that despite its caption, the pleading was, in fact, an application for post-conviction relief, and that it was untimely and successive. A motion denied as untimely cannot be considered "properly filed" and cannot serve as a basis for tolling under 28 U.S.C. §2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state application for post-conviction relief as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling pursuant to § 2244(d)(2)); *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir.2008) *citing Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). This motion clearly did not toll the federal limitations period.

12

elapsed, for a total of 480 days. Because the state court *habeas* petition was filed after the expiration of the federal statute of limitations, it had no effect on the timeliness of his federal application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Butler*, 533 F.3d at 318. Thus, Young's petition was untimely filed and is barred from federal review unless there is a basis for application of equitable tolling of the federal statute of limitations.

The United States Supreme Court has held that AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before October 16, 2009, in order to be timely. 28 U.S.C. § 2244(d)(1)(A). Because his federal application was not filed until August 21, 2013, it is therefore untimely.

### III.   Procedural default

For the reasons previously discussed, the petition is time-barred. Alternatively, the

Court addresses the State's assertion that petitioner's claim is procedurally defaulted. That assertion is correct.

Young raised his federal claim for relief in post-conviction applications in all three state courts. The district court denied the claim as untimely and successive. The Louisiana Fifth Circuit denied the claim as repetitive and not cognizable on collateral review. And the Louisiana Supreme Court denied his application as untimely and repetitive.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (*citing Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

*Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir.2001) *(citations omitted)*. The last reasoned state court ruling is used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–05, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

In the last reasoned state court judgment, the Louisiana Supreme Court clearly and

14

expressly rejected petitioner's claim on state law procedural grounds, finding the claim untimely pursuant to Louisiana Code of Criminal Procedure article 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La.1995), and repetitive pursuant to Louisiana Code of Criminal Procedure article 930.4(D).

Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the *Glover* decision held that an appellate court is not precluded from denying relief pursuant to article 930.8 even if the lower court did not consider timeliness. It is well-settled that article 930.8 qualifies as an independent and adequate state law procedural ground to support a procedural bar to review. *Glover v. Cain*, 128 F.3d at 902; *see also Morris v. Cain*, No. 06–30916, 2008 WL 3876479 (5th Cir. Aug.20, 2008); *Pineyro v. Cain*, 73 Fed. App'x 10, 11 (5th Cir.2003). The United States Fifth Circuit Court of Appeals has held that denial of relief premised on the untimeliness of a claim under article 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine, and that article 930.8 is strictly and regularly followed and evenhandedly applied by Louisiana courts to the vast majority of similar claims. *Glover*, 128 F.3d at 902.

Similarly, Louisiana Code of Criminal Procedure article 930.4 concerning repetitive claims is an independent and adequate state law procedural ground for denying review of an improperly raised post-conviction claim. *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir.1994) (Article 930.4 is independent and adequate basis to federal review); *Thomas v. Cain*, No. 11–2103, 2012 WL 1885088, at *4 (E.D.La. May 23, 2012) (Lemelle, J.) (same); *Washington v. Cain*, No. 98–0584, 2000 WL 863980, at *4 (E.D. La. June 27, 2000) (Duplantier, J.) (same).

Because the last reasoned decision by the Louisiana Supreme Court rested expressly upon independent and adequate state rules of procedural default, this court may not review the instant claim unless petitioner demonstrates cause for the default and actual prejudice or a fundamental miscarriage of justice.

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this case, Young has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. Nor does the Court's review of the record support a finding that any factor external to the defense prevented Young from raising the claim in a procedurally proper manner. The record does not reflect any action or inaction on the part of the State that prevented him from doing so. In addition, neither *pro se* status nor ignorance of the law is sufficient cause to excuse a procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992). "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir.1997) (*citing Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)). Because Young failed to show an objective cause for his default, the Court need not determine if prejudice resulted.

Finally, because petitioner has not met the "cause and prejudice" test, this Court should consider his exhausted claim only if the application of the procedural bar would result in a "fundamental miscarriage of justice." In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually

innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir.2001) (citations omitted). Young does not present any claim and the record contains nothing that suggests his actual innocence on the underlying conviction. Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

Young has failed to overcome the procedural bar to his claim. Consequently, the Court finds the claim is procedurally barred and, alternatively, should be dismissed with prejudice for that reason.

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[38]

New Orleans, Louisiana, this 12th day of September, 2014.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**

---

[38] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.